UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELIZABETH CRABTREE,<br>*PLAINTIFF*,<br><br>VS.<br><br>BROWN UNIVERSITY IN PROVIDENCE<br>IN THE STATE OF RHODE ISLAND<br>AND PROVIDENCE PLANTATIONS,<br>*DEFENDANT* | C.A. NO. 2017-<br><br>**Plaintiff demands trial by jury as to all counts, claims and defenses so triable.** |

# COMPLAINT

## 1. PARTIES

1. Plaintiff, Elizabeth Crabtree, is a citizen of Barrington, Bristol County, State of Rhode Island.

2. Defendant, Brown University in Providence in the State of Rhode Island and Providence Plantations, is a Rhode Island non-profit corporation with a place of business in Providence, Providence County, State of Rhode Island.

## 2. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1331.

4. Venue over this action lies in the District of Rhode Island.

1

### 3. FACTUAL BACKGROUND

5.  Plaintiff has taken all steps necessary to exhaust her remedies, including presentation of her charge of discrimination to the Rhode Island Commission for Human Rights and obtaining therefrom a "right to sue" letter, copy appended hereto as Exhibit 1.

6.  This complaint is filed within the time provided for the Plaintiff to file suit pursuant to applicable law and to the "right to sue" letters described in paragraphs 5 and 6 above.

### COUNT I
### Age Discrimination In Employment Act, 29 U.S.C. sec. 621 *et seq*

7.  Plaintiff incorporates herein all previous paragraphs.

8.  Plaintiff was employed by Defendant for approximately thirteen years, most recently as Assistant Vice President for Strategy & Resource Development, Division of Advancement, Brown University. In December 2012 Patricia Watson was appointed Senior Vice President for University Advancement and became Plaintiff's direct supervisor. Shortly thereafter Plaintiff's duties were considerably expanded without any corresponding increase in salary.

9.  When Plaintiff learned that her compensation and terms of employment were not comparable to male peers in the Division of Advancement, she requested a formal review. Plaintiff made repeated requests to the Senior Vice President to address her claims of discrimination, but the Senior Vice President failed to take any action to address these claims.

10.  From January through March 2016 Plaintiff addressed her concerns with other high ranking university officials, including the Chief University Auditor, Vice President for Human Resources, and University Ombudsperson.

11. While in the process of preparing to request that a formal internal EEOC investigation be opened, Plaintiff was unilaterally terminated by the Senior Vice President on Friday, March 4, 2016. In announcing Plaintiff's departure, the Senior Vice President touted Plaintiff's exemplary performance over thirteen (13) years.

12. The Senior Vice President characterized Plaintiff's termination as a position elimination and layoff.

13. Plaintiff believes that her discharge was retaliation for her claims of unequal treatment, as, at the time of her layoff there were no fewer than thirty (30) open positions in the Division of Advancement for which she met or exceeded all qualifications. Approximately twenty (20) days after Plaintiff's layoff, Defendant posted a position for Assistant Vice President for Advancement Communications with a job description for which Plaintiff met or exceeded all requirements. Approximately one hundred and twenty (120) days after Plaintiff's layoff, Defendant posted a position for Assistant Vice President for Advancement Finance and Administration with a job description for which Plaintiff met or exceeded all requirements and that encompassed duties of which the Plaintiff had previously performed at an exemplary level for several years.

14. Plaintiff is, and was at all relevant times, over forty (40) years of age and accordingly entitled to the protections of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. sec. 631(a).

15. Defendant's action constitutes discrimination against the Plaintiff based upon her age in violation of the ADEA, 29 U.S.C. sec. 621 *et seq*.

16. Plaintiff has suffered damages as a direct and proximate result of the Defendant's discriminatory action against Plaintiff.

3

WHEREFORE Plaintiff demands judgment (1) declaring that the Defendant's conduct is a violation as alleged in this count, (2) awarding Plaintiff compensatory and punitive damages, (3) awarding Plaintiff back pay, and (4) awarding Plaintiff reasonable attorneys' fees and related litigation costs.

### COUNT II
### Title VII of Civil Rights Act OF 1964

17. Plaintiff incorporates all previous paragraphs.

18. The action of the Defendant with regard to Plaintiff's compensation and discharge were discriminatory based upon the Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000 *et seq*.

19. Plaintiff has suffered damages as a direct and proximate cause of the Defendant's discriminatory action against Plaintiff.

WHEREFORE Plaintiff demands judgment (1) declaring that the Defendant's conduct is a violation as alleged in this count, (2) awarding Plaintiff compensatory and punitive damages, (3) awarding Plaintiff back pay, and (4) awarding Plaintiff reasonable attorneys' fees and related litigation costs.

### COUNT III
### Rhode Island Fair Employment Practices Act

20. Plaintiff incorporates all previous paragraphs.

21. Defendant's conduct as alleged constitutes a violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. L. sec. 28-5-1 et seq.,

22. Plaintiff has suffered damage as a result of the Defendant's violation.

WHEREFORE Plaintiff demands judgment (1) declaring that the Defendant's conduct is a violation as alleged in this count, (2) awarding Plaintiff compensatory and punitive damages, (3) awarding Plaintiff back pay, and (4) awarding Plaintiff reasonable attorneys' fees and related litigation costs.

RESPECTFULLY SUBMITTED
PLAINTIFF
ELIZABETH CRABTREE
By her Attorneys:


*/s/ Kathleen M. Hagerty*
Kathleen M. Hagerty, Esq. (#4647)
70 Jefferson Blvd.
Warwick, RI 02888
Tel:   (401) 781-7200
Fax:   (401) 781-0110
Email: khagertylaw@gmail.com


*/s/ Thomas More Dickinson*
Thomas More Dickinson (#2520)
Law Office of Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel.:   (401) 490-8083
Fax:   (401) 942-4918
Email: tmd@appealRI.com